DOTTY REALTY CO., APPELLEE, *v.* BILLS CONSTRUCTION CO., APPELLANT, ET AL.

[Cite as Dotty Realty Co. v. Bills Construction Co., 4 Ohio App. 2d 70.]

(No. 5621—Decided October 20, 1965.)

*Mr. Harry W. Schwab, Jr.,* for appellee.
*Messrs. Matz, Petersilge & Weimer,* for appellant.

HUNSICKER, J.   An appeal on questions of law has been lodged in this court from a judgment of the Court of Common Pleas of Summit County, in which judgment the court determined that a restriction of a five-foot strip of land in a plat dedicating a certain street to public use was void as being repugnant to the grant, and that such five-foot strip of land may be used by the general public for street purposes.

The defendant, Bills Construction Company (appellant herein), was the owner-developer of a tract of land which it laid out as the Grace Allotment in the city of Akron.   There is only one street in this allotment, which street is known as Ellen Avenue, and every lot in the Grace Allotment abuts on Ellen Avenue.   At the east end of this fifty-foot street is a five-foot by fifty-foot strip of land adjoining the land of the plaintiff, Dotty Realty Company (appellee herein).   When the Bills Construction Company dedicated the street, it sought to restrict this strip of land so as to prevent the Dotty Realty Company from having access to its land over Ellen Avenue.

The action as instituted in the trial court asked that "the rights, if any, of the defendant, Bills Construction Co., by virtue of the restriction herein * * * which attempted to impose as a condition to the extension of Ellen Avenue the approval thereof by Bills Construction Co. * * *," be determined, "and for such other and further relief as equity and the nature of the case may require."

The plat of Grace Allotment, which was accepted by the city of Akron on August 23, 1960, contained the following dedication by the Bills Construction Company:

"We, the undersigned as owners of the land embraced in this allotment designated as Grace Allotment, do hereby acknowledge this plat to be our free act and deed and we do hereby dedicate to public use as streets the streets indicated on this plat."

The plat shows the five-foot by fifty-foot restriction. In the statement of restrictions, Item 9 says:

"5' [foot] strip to be reserved until a public street is extended and accepted by the Planning Commission and approved by Bill [sic] Construction Company."

On January 10, 1964, the Planning Commission of the city of Akron approved, subject to certain conditions, the allotment

of the Dotty Realty Company; and, on May 5, 1964, the Council of the city of Akron accepted the plat of that allotment. The resolution of council indicated that Ellen Avenue was one of the streets involved in such allotment. Thus, except for this five-foot restriction in the Grace Allotment, Ellen Avenue would be a street without a dead-end created by the Bills Construction Company.

Of what effect then is this restriction created by the Bills Construction Company in the dedication of Ellen Avenue as a public street? Can an allotter dedicate a street and reserve a portion of such street at the end thereof until undisclosed conditions are met?

It must be noted herein that the restriction of the five-foot strip of land to the width of Ellen Avenue is not reserved in the plat for use by, or retained in the unrestricted possession of, the Bills Construction Company. It is reserved until a public street is extended and accepted by the Planning Commission and approved by that company. Does this mean that if Ellen Avenue, as extended and accepted by the city, does not meet the requirements of the Bills Construction Company, the city of Akron is powerless to open Ellen Avenue to the public, without purchasing the restriction, or bringing appropriation proceedings to acquire it?

In effect, the Bills Construction Company dedicated all of Ellen Avenue to the entire extent of the property it owned, but said that, before the five-foot "restriction" could take effect, it must approve the conditions under which it could be used. There was a grant or dedication of the entire street, and no language in the dedication indicates an exception, or a reservation, as those words are understood in the law of this state.

All of Ellen Avenue was dedicated, and an attempt was made to withhold the use of a five-foot strip by a so-called "restriction" until unspecified conditions were met—these conditions being wholly at the whim of the Bills Construction Company.

The restriction sought to be imposed herein is repugnant to the dedication of this property to public use, and such restriction is void as being contrary to public policy. See: *Byerlyte Corp.* v. *City of Cleveland,* 32 Ohio Law Abs. 609; *Richards* v. *City of Cincinnati,* 31 Ohio St. 506; and 17 Ohio Jurispru-

dence 2d 19, Dedication, Section 19, and authorities there cited.

For the reasons set out above, the judgment of the trial court must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.